**Mandreel SMITH, Petitioner–Appellant,**

v.

**A.A. LAMARQUE, Respondent–Appellee.**

**No. 01–55222.**

**D.C. No. CV–00–05850–MMM.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 25, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

## MEMORANDUM **

Mandreel Smith appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, challenging his jury trial conviction and 35 years-to-life sentence for first degree murder with use of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review a district court's deni-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Smith's request for oral argument is denied.

al of a § 2254 petition de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

Smith contends that the evidence was insufficient to sustain his conviction of murder with premeditation and deliberation. Under the AEDPA, we may disturb a state court's legal conclusion only if it was "contrary to" or "involved an unreasonable application of" clearly established law as determined by the U.S. Supreme Court. *See* 28 U.S.C. § 2254(d). To be unreasonable, a state court's application of federal law must have been clearly erroneous. *Van Tran v. Lindsey,* 212 F.3d 1143, 1152–54 (9th Cir.), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

To demonstrate insufficiency of the evidence, Smith must show that, construing the evidence in the light most favorable to the verdict, a rational trier of fact could not have found proof of guilt beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We are satisfied that the evidence was sufficient to support the jury's conclusion that Smith acted with premeditation and deliberation. *See People v. Perez,* 2 Cal.4th 1117, 9 Cal.Rptr.2d 577, 831 P.2d 1159, 1163–66 (Cal.1992) (noting premeditation and deliberation can occur in brief period of time, and may be inferred from planning activity, motive, and manner of killing) (citing, *inter alia, People v. Anderson,* 70 Cal.2d 15, 73 Cal. Rptr. 550, 447 P.2d 942 (Cal.1968)). The state court's decision was not unreasonable.

**AFFIRMED.**