David R. THORNE, Plaintiff—
Appellant,

v.

Anthony NEWLAND, Warden,
Respondent—Appellee.

No. 00–17259.

D.C. No. CV–96–20893–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided April 10, 2002.

Before HUG, CUDAHY,* and TASHIMA, Circuit Judges.

## MEMORANDUM **

David Thorne, prisoner of the State of California, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Having reviewed the district court's decision de novo, we affirm. *See Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001) (holding that a district court's denial of a 28 U.S.C. § 2254 petition is reviewed de novo). Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Under 28 U.S.C. § 2254(d), as a prerequisite to obtaining habeas relief on any claim that was denied on the merits in a State proceeding, a petitioner must show one of the following: (1) the State court failed to apply clearly established federal law, as determined by the Supreme Court, in ruling on the claim, (2) despite being faced with a "materially indistinguishable" set of facts, the State court, while applying clearly established federal law, as determined by the Supreme Court, reached a result different from that arrived at in a controlling federal case, (3) the State court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, or (4) the State court's decision involved a clearly erroneous application of federal law.[1] *See Van Tran v. Lindsey,* 212 F.3d 1143 (9th Cir.2000) (fleshing out § 2254(d) through discussion of the Supreme Court's decision in *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). The district court found that Thorne could not meet any of the four "gateway" tests, and thus denied his petition for habeas relief. We hold that the district court's decision was correct.

---

* Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because there is no State court discussion of Thorne's claims, we engage in an independent review of the record "to determine whether the [S]tate court clearly erred in its application of controlling federal law." *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir. 2000).

898

It is clear that Thorne cannot pass any of the first three tests. The absence of any rationale for the State court's decision makes it impossible to show that the State court failed to apply clearly established federal law, as determined by the Supreme Court, in ruling on Thorne's claims. Moreover, Thorne cannot point to an instance in which the Supreme Court reached a result opposite to that of the State court on "materially indistinguishable facts." Finally, Thorne does not challenge any of the factual determinations underlying the State court's decision.

■ As to the fourth test under § 2254(d), Thorne raises three arguments, two of which merit examination.[2] First, he claims that the State court's decision involved a clearly erroneous application of federal law, as determined by the Supreme Court, to the extent it concluded that the "permissive inference instruction" given to the jury did not violate due process. Second, Thorne asserts that the State court's decision involved a clearly erroneous application of federal law, as determined by the Supreme Court, in that it determined that the "factors instruction" given to the jury did not violate due process. Neither argument is persuasive.

■ A permissive inference instruction violates due process if it cannot be said "with substantial assurance" that the inferred fact is "more likely than not to flow from the proved fact on which it is made to depend." *County Court of Ulster County v. Allen*, 442 U.S. 140, 167 & n. 28, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).[3] The instruction at issue in this case did not violate the due process clause, as it can be said with substantial assurance that the inferred fact of conscious disregard of a known risk–which is sufficient to establish implied malice–more likely than not flowed from the proven facts of willful consumption and knowledge of future driving, given all the evidence presented to the jury.

Over the course of the trial, the jury heard significant evidence indicating that Thorne subjectively appreciated the risks associated with drunk driving, including evidence (1) of Thorne's history of drunk driving; (2) that, upon leaving Woodruff's, Thorne said that he was fine to drive because he was only going a short distance (indicating a subjective appreciation of the risks of drunk driving); and, (3) that Thorne had received prior counseling on the dangers and consequences of drunk driving. This evidence of Thorne's knowledge of risk made it quite reasonable to infer implied malice from the proven facts of willful consumption and knowledge of future driving. Therefore, we reject Thorne's argument that the permissive inference instruction in this case ran afoul of due process, and affirm the district court's decision that the State court did not clearly err in applying federal law, as deter-

---

2. Thorne's third argument is that the State court clearly erred by failing to find a due process violation in light of the cumulative error at his trial. Because Thorne did not raise the issue of cumulative error before the district court, we decline to consider this argument. *See Slaven v. American Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir. 1998) ("It is well-established that an appellate court will not consider issues that were not properly raised before the district court").

3. Thorne argues that a permissive inference instruction also violates due process when it allows the jury to make a factual determination without considering all the evidence before it. Assuming Thorne is correct in suggesting that this rule amounts to clearly established federal law for purposes of § 2254(d), the State court did not clearly err in upholding the instruction against this due process attack, as the instruction affirmatively directed the jury to consider all the evidence.

mined by the Supreme Court, on this claim.

■ Thorne's argument based on the "factors instruction" is equally unavailing. When a petitioner attacks an ambiguous jury instruction like the "factors instruction" in this case, the inquiry is "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (internal quotation marks omitted). We agree with the district court's analysis of the application of the instruction:

> The trial court's instruction did not preclude the jury from relying on defense-proffered evidence unless they determined its reliability beyond a reasonable doubt. The trial court merely reiterated the prosecution's burden to prove guilt beyond a reasonable doubt. In other words, the instruction directed the jury to find beyond a reasonable doubt that a particular factor had been proven before they could use it to support a finding of subjective awareness. There is no "reasonable likelihood" that the jury applied the challenged instruction in a way that violates the Constitution.

*Thorne v. Newland,* No. CV–96–20893 JW (N.D.Cal. Aug. 28, 2000).

Because Thorne cannot meet any of the prerequisites for relief set forth in § 2254(d), the district court was correct to deny his petition for habeas relief.

AFFIRMED.