James Roger NETHERLY,
Petitioner–Appellant,

v.

George GALAZA, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 00–56464.

D.C. No. CV–99–04141–R(MC).

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2002.*

Decided April 26, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HAWKINS and FISHER, Circuit Judges, and WEINER,** District Judge.

MEMORANDUM ***

James Netherly appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his conviction for kidnapping, burglary and commission of lewd acts upon a child. He argues that the trial court improperly admitted the alleged victim's hearsay statements and also denied him the right to confront a witness.

We review the district court's decision to deny a § 2254 habeas petition de novo. *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001). Because Netherly's petition was filed after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th

Cir.2001). Under AEDPA, we can reverse a state court's decision denying relief only if the decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

■ Netherly challenges the trial court's decision to admit some of the victim's out-of-court statements under California's child sexual abuse hearsay exception, Cal. Evid.Code § 1360, as violative of Netherly's Sixth Amendment right to confront witnesses. Because California's exception is not a firmly rooted hearsay exception, the statements admitted under the exception must bear particularized guarantees of trustworthiness. *See Idaho v. Wright*, 497 U.S. 805, 817, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Here, the trial court found trustworthiness on the basis of some of the factors that the Supreme Court has approved as particularized guarantees of trustworthiness, including consistent repetition. *Id.* at 821–22. Various independent witnesses corroborated the victim's story and she consistently repeated key details in her interview with a doctor the day after the incident. The prosecutor specifically directed the trial court's attention to an assessment of the indicia of reliability before the court ruled on the admissibility of the statements. We conclude that the trial court's inquiry into the trustworthiness preceding the introduction of the victim's hearsay statements was sufficient under *Wright* to preclude a violation of the Confrontation Clause.

■ Even if the California Court of Appeal decision affirming the admission of

---

** The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the victim's statements had been erroneous, Netherly still would not be entitled to habeas relief because such relief is proper only if the error by the state court "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Three witnesses separately saw Netherly, with his penis exposed, with the victim, who was naked from the waist down. Given this evidence, Netherly fails to establish that the admission of the victim's statements "resulted in 'actual prejudice.'" *Id.*

Netherly also argues that his claim that he was denied the right to impeach the victim's testimony is not procedurally barred. Even if Netherly's claim is not barred and he could prove deprivation of his witness impeachment right, in light of the evidence against him, he fails to show how this error "resulted in 'actual prejudice.'" *Id.*

AFFIRMED.