**Samuel EZELL, Petitioner—Appellant,**

**v.**

**Alice PAYNE; Joseph Lehman, Respondents—Appellees.**

**No. 01–35877.**

**D.C. No. CV–00–00385–BJR.**

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2002 *.

Decided May 9, 2002.

Before RYMER, McKEOWN and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Samuel Ezell appeals the district court's dismissal of his petition for a writ of habeas corpus, claiming that he received ineffective assistance of counsel at two state rape trials.[1] Under 28 U.S.C. § 2254, our task is specifically to determine whether the state court's decision denying relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001) (internal quotation marks and citations omitted).

To prevail on an ineffective assistance of counsel claim, Ezell must show 1) that his counsel's performance was constitutionally deficient and 2) that that deficiency prejudiced him. *See Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Here, Ezell claims that his counsel was deficient both in failing to object to the state's use of polymerase chain reaction ("PCR") DNA testing evidence and in failing to hire an independent expert to evaluate the state's PCR DNA evidence.

If Ezell has not established prejudice, we need not evaluate deficiency. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court has defined prejudice for us: "To establish prejudice [a petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

---

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

probability is a probability sufficient to undermine confidence in the outcome." *Williams*, 529 U.S. at 391, 120 S.Ct. 1495 (citations and internal quotation marks omitted).

Ezell argues that, at the time of his Washington state rape trials in January and February 1995, PCR DNA evidence was relatively new and that, had his counsel objected, PCR DNA evidence may not have been admitted under state scientific evidence standards. He also argues that a defense expert may have identified flaws in the state's testing procedures and that his counsel then could have avoided admission of the state's evidence or successfully attacked it before the jury. Neither argument has merit.

The admissibility of PCR DNA evidence was established in Washington before Ezell's two rape trials. *See State v. Gentry*, 125 Wash.2d 570, 888 P.2d 1105 (1995); *State v. Russell*, 125 Wash.2d 24, 882 P.2d 747 (1994). Moreover, Ezell identifies no problems with the state's evidence in the two rape cases that would have rendered the evidence inadmissible or subject to a persuasive attack. "Speculation about what an expert could have said is not enough to establish prejudice." *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir.1997).

We conclude that Ezell has failed to establish prejudice. The district court properly denied his petition for a writ of habeas corpus.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.