**Bruce PHILLIPPI, II, Petitioner–Appellant,**

v.

**R.A. CASTRO, Warden, Respondent–Appellee.**

**No. 01–56236.**
**D.C. CV–00–04246–ABC(RZ).**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.[1]

Decided Nov. 21, 2002.

Before PREGERSON, RYMER, and MCKEOWN, Circuit Judges.

MEMORANDUM [2]

Bruce Phillippi appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Phillippi is an inmate in California state prison. He challenges his jury conviction for the murder and robbery of Daniel Austrian and his sentence of 17 years to life

---

**2.** This disposition is not appropriate for publication and may not be cited in or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

imprisonment. Phillippi contends that the trial court violated his constitutional rights when it denied his motions to sever his trial from that of his co-defendant Shain Bowker. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing *de novo, see Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Phillippi filed his habeas petition in 2000; thus, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our review. *Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the limited review provided by AEDPA, federal courts can grant habeas relief to state prisoners only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[3] 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" federal law if it "applies a rule that contradicts the governing law" set forth in Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision, but "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Phillippi is entitled to habeas relief based on a state court's decision to deny a motion for severance only if the joint trial was so prejudicial that it denied Phillippi his right to a fair trial. *United States v. Lane*, 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986); *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The state court's

decision that Phillippi "failed to demonstrate ... a gross unfairness such as to deprive [Phillippi] of a fair trial or due process" was not contrary to *Lane* and *Zafiro*. Phillippi's right to a fair trial was not denied by the trial court's failure to sever his trial from his co-defendants due to mutually antagonistic defenses. Moreover, even if the Court of Appeal did reach an erroneous result, Phillippi cannot prove that the trial court's decision denying his severance motion had a substantial or injurious effect on his guilty verdict, as his co-defendant could have testified against him in a separate trial. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Accordingly, we AFFIRM the district court's decision denying Phillippi's habeas petition.

---

**3.** In determining whether a state court decision is contrary to federal law, this court examines the last reasoned decision of a state court as the basis of the state court's judgment. Because the California Supreme Court denied Phillippi's review petition without comment, the last reasoned decision on Phillippi's due process challenge is the unpublished opinion by the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–804, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).