Jeffrey Alan TATE, a.k.a Jeff Tate,
Petitioner–Appellant,

v.

People of the State of CALIFORNIA;
et al., Respondents–Appellees.

No. 01–17497.

D.C. No. CV–98–00199–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Jeffrey Alan Tate, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition, challenging his convictions of attempted murder and related charges. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

Tate contends that the state failed to present sufficient evidence to support his willful, deliberate, and premeditated attempted murder conviction. We disagree. In habeas cases, we presume that the state court's findings of fact are correct. *See* 28 U.S.C. § 2254(e)(1). Upon a review of these findings, we conclude that a rational

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

trier of fact could have found the essential elements beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Drayden v. White*, 232 F.3d 704, 709 (9th Cir. 2000) (finding sufficient evidence to support first degree murder when manner-of-killing evidence by itself strongly supported premeditation and deliberation), *cert. denied*, 532 U.S. 984, 121 S.Ct. 1630, 149 L.Ed.2d 491 (2001).

Tate also contends that the denial of his motions for change of venue resulted in an unfair trial. We are unpersuaded. After reviewing the record, we conclude that Tate failed to show either presumed or actual prejudice. *See Harris v. Pulley*, 885 F.2d 1354, 1361, 1363 (9th Cir.1988); *see generally Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975) (discussing the standard to determine whether pretrial publicity prejudiced the jury to result in an unfair trial).

Accordingly, the district court properly denied Tate's § 2254 petition because the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.