Lemonta Renna McBROOM, Petitioner–Appellant,

v.

BOARD OF PRISON TERMS, et al., Respondents–Appellees.

No. 01–16945.

D.C. No. CV–98–02024–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Lemonta Renna McBroom appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging the Board of Prison Term's ("Board") decision that he was not eligible for parole. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the district court's decision to deny a 28 U.S.C. § 2254 petition de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

McBroom contends that the Board violated his equal protection rights because he received disparate treatment in the setting of his parole dates from his co-defendants. Because there is a rational basis for this difference, there was no equal

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

protection violation. *See McGinnis v. Royster,* 410 U.S. 263, 269–70, 93 S.Ct. 1055, 35 L.Ed.2d 282 (reviewing difference in release dates under rational basis test, balancing state's efforts to ensure prisoners are sufficiently prepared for release to protect public safety with prisoner's interest in release); *see also Williams v. Illinois,* 399 U.S. 235, 243, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) (stating there is no requirement that two persons convicted of same offense receive identical sentences).[1]

McBroom also contends his due process rights were violated because there was not sufficient evidence to support the Board's decision. McBroom asserts a valid liberty interest, *see McQuillion v. Duncan,* 306 F.3d 895, 902 (9th Cir.2002) (concluding that California parole statutes create a protected liberty interest), but we conclude that the Board's decision was supported by some evidence, therefore no due process violation occurred. *Id.* at 904 (reviewing court asks only if the parole board's determination was supported by some evidence having some indicia of reliability).[2]

**AFFIRMED.**

---

**1.** To the extent McBroom raises a claim that the Board did not follow state law requiring similar terms of imprisonment for similar offenses, we do not address it because he raises it as an issue of state law only. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

**2.** To the extent McBroom raises an Eighth Amendment violation, we decline to review such a claim because the district court did not grant a certificate of appealability on this issue. *See Hiivala v. Wood,* 195 F.3d 1098 1102 (9th Cir.1999) (per curiam).

