**Lafayette TURNER, Petitioner–Appellant,**

v.

**Michael HENNESSEY, Sheriff, Respondent–Appellee.**

No. 02–15357.

D.C. No. CV–00–02717–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

California state prisoner Lafayette Turner appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Turner has not demonstrated by clear and convincing evidence that the California Court of Appeal erred when it determined that the failure-to-appear provision was part of the plea agreement. *See* 28 U.S.C. § 2254(e)(1); *Ricketts v. Adamson*, 483 U.S. 1, 5–7 n. 3, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) ("[T]he construction of the plea

deny appellant's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

agreement and the concomitant obligations flowing therefrom are, within broad bounds of reasonableness, matters of state law....”). In addition, the state court's determination that Turner received adequate due process regarding his violation of the failure-to-appear provision is not objectively unreasonable. *See generally Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (“[D]ue process is flexible and calls for such procedural protections as the particular situation demands.”).

Thus, the district court properly denied Turner's petition. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, —— U.S. ——, 123 S.Ct. 1166, 1174–75, 155 L.Ed.2d 144 (2003).

**AFFIRMED.**