Eugene **RAYFORD**, Petitioner–Appellant,

v.

Haunani **HENRY**, Warden, Respondent–Appellee.

No. 02–15092.

D.C. No. CV–98–00815–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument, and we therefore deny Rayford's request for tele-

phonic oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM**

California state prisoner Eugene Rayford appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.[1]

Rayford raises several federal constitutional claims concerning his conviction for first-degree murder. We address these claims in turn.

■ The admission of Bridget Prines's testimony did not violate due process because the evidence was relevant for permissible, non-character purposes and was not unduly prejudicial. *See Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir.1991) ("Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process.") (internal quotation marks omitted).

■ Because this was not a capital case, no federal constitutional issue is presented by the trial court's failure to instruct sua sponte on voluntary manslaughter as a lesser included offense. *See Windham v. Merkle,* 163 F.3d 1092, 1106 (9th Cir.1998).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Clerk is ordered to file Rayford's first amended reply brief, lodged on January 9, 2003. All other outstanding motions are denied.

In addition, no federal constitutional error occurred when the trial court failed to give a specific instruction on provocation sua sponte because the court's other instructions adequately defined premeditation and deliberation. *Cf. Henderson v. Kibbe,* 431 U.S. 145, 155–57, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (holding that habeas relief was not warranted for an omitted instruction when the "jurors would have responded to [the omitted instruction] consistently with their determination of the issues that were comprehensively explained" in the remaining instructions).

■ No Sixth Amendment speedy trial violation occurred because a delay of 61 days from arraignment to trial in a first-degree murder case is not presumptively prejudicial. *See Doggett v. United States,* 505 U.S. 647, 651–52 & n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Arnold v. McCarthy,* 566 F.2d 1377, 1382–83 (9th Cir.1978) (concluding that a delay of nine months in a robbery-assault case was not presumptively prejudicial).

■ No prosecutorial misconduct occurred when the prosecutor argued that one version of conflicting testimony was correct. *See United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993) ("[P]rosecutors must have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence, including that one of the two sides is lying."). In addition, Rayford's due process rights were not violated by the prosecutor's brief factual misstatement during closing argument because Rayford has presented no evidence that the misstatement was intentional, and the misstatement most likely did not affect the verdict. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

The evidence was sufficient to support the conviction. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also Schlup v. Delo,* 513 U.S. 298, 330, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (stating that under *Jackson,* "assessment of the credibility of witnesses is generally beyond the scope of review").

Even assuming Rayford can bring a free-standing actual innocence claim in a non-capital case, his claim fails because the evidence he has presented does not demonstrate that he is probably innocent. *See Carriger v. Stewart,* 132 F.3d 463, 476 (1997) (en banc).

We do not address the other issues raised by Rayford because they were not included in the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

For the above reasons, the district court properly denied Rayford's petition.

**AFFIRMED.**