**Kenneth Debrea KILLENS, Petitioner–Appellant,**

v.

**R.A. CASTRO, Warden, Respondent–Appellee.**

No. 02–16159.

D.C. No. CV–00–00895–TEH.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM**

California state prisoner Kenneth Debrea Killens appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his convictions and 28–year sentence for two robberies. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Killens contends that there was insufficient evidence to support his convictions relating to the Morgan Hill robbery. This contention fails because the credibility of a witness is a matter for the jury to decide and because the evidence was sufficient to show that Killens was the perpetrator. *See Schlup v. Delo*, 513 U.S. 298, 330, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (stating that the credibility of witnesses is generally beyond the scope of review for sufficiency of the evidence); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We deny appellant's request for oral argument, and we also deny his renewed motion for appointment of counsel.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

L.Ed.2d 560 (1979) (stating that a conviction should be sustained if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

Killens also contends that he was denied his Sixth Amendment right of self-representation. The California Court of Appeal concluded that Killens's right to represent himself, as established in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), was not violated when the trial court in its discretion denied Killens's request, which was first made after extensive pretrial and jury-selection proceedings. We cannot say that this conclusion is either contrary to or an unreasonable application of federal law as clearly established by the Supreme Court. *See Lockyer v. Andrade*, — U.S. ——, 123 S.Ct. 1166, 1172–75, 155 L.Ed.2d 144 (2003); *Moore v. Calderon*, 108 F.3d 261, 265 (9th Cir.1997) (concluding that *Faretta* establishes a timeliness requirement and that a request made "weeks" before trial was timely).

Thus, the district court properly denied Killens's petition. *See* 28 U.S.C. 2254(d).[1]

**AFFIRMED.**

---

1. We do not consider the other issues raised by Killens because they are not included in the certificate of appealability. *See Hiivala v.* *Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).