**James Ray ROBERTS, Petitioner–Appellant,**

v.

**Bill LOCKYER, Attorney General of the State of California, et al., Respondents–Appellees.**

No. 01–55727.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Roberts's request for telephonic oral argument is denied.

Before: RYMER, KLEINFELD and FISHER, Circuit Judges.

## MEMORANDUM **

California state prisoner James Ray Roberts appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.[1] Roberts raises several constitutional challenges, which we find unavailing.

First, the restrictions on Roberts's phone use and library access during trial did not violate his self-representation rights because he had advisory counsel and an investigator to assist him. *See Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985) (stating that the right of self-representation is not violated by reasonable prison restrictions when advisory counsel is available to assist with those tasks).

Second, any error resulting from Roberts's absence at a brief pretrial scheduling hearing did not result in a denial of due process. *See United States v. Gagnon*, 470 U.S. 522, 526–27, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (per curiam) (concluding that an *in camera* discussion without the defendants or their counsel did not violate due process when their presence was not required to ensure fundamental fairness or a reasonably substantial opportunity to defend against the charge).

Third, instructing the jury on a theory of constructive possession did not implicate the Ex Post Facto Clause. *See Cal. Dep't of Corrections v. Morales*, 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (stating that the Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts") (inter-

1. To the extent Roberts has requested that we broaden the certificate of appealability to include an Eighth Amendment claim and a challenge to the validity of his waiver of the right to counsel, that request is denied.

nal quotation marks omitted). Even if the instruction was an incorrect statement of California law, giving it did not violate due process because the evidence of actual possession was overwhelming. *See Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (stating that a jury instruction that violates state law can be the basis of federal habeas relief only when the instruction "so infected the entire trial that the resulting conviction violates due process") (internal quotation marks omitted).

Thus, the district court properly denied Roberts's petition. *See* 28 U.S.C. § 2241(c)(3) (providing that the "writ of habeas corpus shall not extend to a prisoner unless ... he is in custody in violation of the Constitution or laws or treaties of the United States").

**AFFIRMED.**