Jesse Javier ALVARADO,
Petitioner–Appellant,

v.

Jean HILL, Respondent–Appellee.

No. 00–35152

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2001

Filed June 7, 2001

Stephen R. Sady, Federal Public Defender's Office, Portland, Oregon, for the petitioner-appellant.

Janet A. Metcalf, Office of the Attorney General, Salem, Oregon, for the respondent-appellee.

Before: McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

WILLIAM A. FLETCHER, Circuit Judge:

Jesse Javier Alvarado ("Alvarado") appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Alvarado maintains that his federal constitutional rights were violated by an Oregon law mandating that juveniles between the ages of 15 and 17 charged with the commission of specified crimes be tried and sentenced as adults. We affirm the denial of the writ.

I

On May 30, 1995, Alvarado, along with two others, stole beer from a convenience store. During the robbery, he displayed a knife to deter a store clerk from interfering with the theft. He was arrested and charged with first degree robbery under Oregon law. At the time of the crime, his arrest, and his indictment, Alvarado was seventeen years old.

Shortly before the robbery, Oregon voters had approved a ballot initiative known as Measure 11. As originally adopted (and as applicable here), Measure 11 provided, in pertinent part, that when a person charged with an offense listed in "subsection (2) . . . is 15, 16 or 17–years of age, at the time the charges are filed, that person

shall be tried as an adult." Or. Laws 1995, ch. 2 § 1.[1] Subsection (2) set forth a list of covered offenses and their corresponding mandatory minimum sentences. Or.Rev. Stat. § 137.707(4).[2]

Prior to the passage of Measure 11, Oregon's juvenile courts had exclusive jurisdiction over cases involving acts committed by a minor that would be crimes if committed by an adult. Or.Rev.Stat. § 419C.005. Under the prior law, a minor in juvenile court could only be transferred to criminal court and arraigned as an adult after "waiver" of jurisdiction by the juvenile court, pursuant to specified procedures including notice and a hearing. *Id.*

At trial, Alvarado challenged the constitutionality of Measure 11's mandatory adult treatment of juveniles. The court rejected his challenge, and Alvarado was tried upon stipulated facts and convicted of second degree robbery. At his sentencing, Alvarado again challenged the constitutionality of Measure 11, and the trial court again rejected the challenge. The court then imposed the mandatory minimum sentence of 70 months. Alvarado appealed, and the Oregon Court of Appeals affirmed without an opinion. *State v. Alvarado*, 146 Or.App. 778, 932 P.2d 1216 (1997). The Oregon Supreme Court summarily denied review. *State v. Alvarado*, 326 Or. 68, 950 P.2d 892 (1997). Alvarado did not seek post-conviction relief in Oregon state court.

■ Alvarado timely filed a petition for federal habeas corpus under 28 U.S.C.

---

**1.** The Oregon Legislature subsequently amended the initiative to clarify certain language and implement its provisions. Or. Laws 1995, ch. 421 § 1; ch. 422 §§ 47–49 (codified at Or.Rev.Stat. 137.700–707). Those amendments, however, did not take effect until June 30, 1995. Or. Laws 1995, ch. 421 § 5; ch. 422 § 146. Because Alvarado's conduct occurred in May 1995, he is subject to the initiative in its original form.

*See* Or.Rev.Stat. 161.035(3); *State v. Flowers*, 136 Or.App. 555, 902 P.2d 624, 625 (1995) (stating that generally, a criminal defendant is tried and punished under laws in effect at the time the offense was committed).

**2.** Subsection (2) has since been renumbered subsection (4). We use the current citation in the text.

§ 2254. The district court conducted an independent review of the record and denied the petition. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1153 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000). The district court then granted a Certificate of Appealability on the issues of whether Measure 11 violated Alvarado's rights to due process and equal protection under the Fourteenth Amendment, and his right to be free from cruel and unusual punishment under the Eighth Amendment. We review *de novo* a district court's decision to deny a habeas petition brought under 28 U.S.C. § 2254. *Patterson v. Gomez,* 223 F.3d 959, 962 (9th Cir.2000), *cert. denied sub nom. Terhune v. Patterson,* —— U.S. ——, 121 S.Ct. 844, 148 L.Ed.2d 723 (2001).

## II

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court reviewing a criminal conviction on a writ of habeas corpus can reverse a state court decision denying relief only if that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "Supreme Court need not have addressed a factually identical case[;] § 2254(d) only requires that the Supreme Court clearly determine the law." *Houston v. Roe,* 177 F.3d 901, 906 (9th Cir.1999), *cert. denied,* 528 U.S. 1159, 120 S.Ct. 1168, 145 L.Ed.2d 1078 (2000). "[O]ur independent review of the legal question . . . [must] leave[ ] us with a 'firm conviction' that one answer, the one rejected by the [state] court, was correct and the other, the application of the federal law that the court adopted, was erroneous-in other words that clear error occurred." *Van Tran,* 212 F.3d at 1153–54.

## III

Alvarado's first contends is that the due process clause, as interpreted in *Kent v.* *United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), prevents Oregon from automatically requiring that juveniles charged with certain crimes be treated as adults. Specifically, Alvarado contends that due process requires a "judicial waiver" of juvenile court jurisdiction (as was previously required under Oregon law), and prohibits a "legislative waiver" of such jurisdiction.

In *Kent,* a juvenile was charged with housebreaking, robbery, and rape under the Juvenile Court Act of the District of Columbia. *See* 383 U.S. at 544, 86 S.Ct. 1045. Prior to arraignment in juvenile court, Kent's counsel had requested a hearing on whether the court should waive its jurisdiction to permit trial in adult court. The juvenile court judge neither ruled on the motion nor held a hearing. Instead, he simply entered an order waiving jurisdiction and directing that Kent be tried in adult court. He made no findings, recited no reasons for the waiver, and made no reference to the motion. The Supreme Court held that though the Juvenile Court Act gave "considerable latitude" to the juvenile court in weighing the "factual considerations to be evaluated" in deciding to waive jurisdiction, the use of such arbitrary procedures in making that decision violated due process. *Id.* at 552–53, 557, 86 S.Ct. 1045. In *Gault,* meanwhile, a 15-year old was sentenced to up to 6 years in a juvenile detention facility after having been found a "delinquent" under Arizona law. The Supreme Court held that he had been denied due process (as well as other constitutional rights) because of the extreme informality, and consequent unreliability, of the procedures under which a juvenile judge determined that he was delinquent.

The question before us is not whether Measure 11 violates due process

as that concept might be extrapolated from the decisions of the Supreme Court. Rather, it is whether Measure 11 violates due process under "clearly established" federal law, as already determined by the Court. 28 U.S.C. § 2254(d)(1). We hold that it does not. Neither *Kent* nor *Gault* "clearly establish[es]" that Measure 11 is unconstitutional. These two decisions hold that a state court must follow constitutionally adequate procedures in making factual and legal determinations when those determinations result in statutorily specified adverse consequences for a juvenile. The statutory schemes in both cases gave the task of making such determinations to juvenile courts. The Court's holdings are limited to the proposition that when a juvenile court has such authority it must be exercised in a manner consistent with due process.

Unlike the juveniles in *Kent* and *Gault*, Alvarado does not contend that he has been deprived of due process because of constitutionally deficient factfinding. He concedes that second degree robbery is a crime covered by Measure 11 and that he was 17 years old at the time he was charged with that crime. If either of these two facts were in dispute, Alvarado would be entitled to due process in any procedure used to resolve the dispute. But Alvarado does not ask for such procedures. Rather, he asks for a holding, in the context of a petition for habeas corpus, that the Due Process Clause forbids a legislative determination that a 17–year old charged with first or second degree burglary must be tried as an adult. It may be that the Supreme Court, in some future case, will extend *Kent* and *In re Gault* to invalidate Measure 11 as it applies to Alvarado, but the Supreme Court has not yet done so.

## IV

■ Alvarado also contends that application of Measure 11's mandatory minimum sentencing scheme to juveniles violates equal protection under the Fourteenth Amendment and constitutes cruel and unusual punishment under the Eighth Amendment. Alvarado argues that Measure 11 violates equal protection by "dispens[ing] with any meaningful consideration" of mitigating circumstances for juveniles. Measure 11, however, mandates the same treatment for any person, juvenile or adult, who commits a particular crime. While Alvarado argues that equal protection requires that "meaningful consideration" be different for juveniles than for adults, he has not cited any decision of the Supreme Court that requires such a result.

■ Alvarado argues that Measure 11's scheme assigns him a sentence that is disproportionate to his crime and that Measure 11 therefore imposes cruel and unusual punishment. He bases his argument on Supreme Court case law invalidating capital sentencing schemes that did not afford meaningful individualized consideration of mitigating evidence, such as the background, character, or youth of a defendant, or the circumstances of the crime. *See Thompson v. Oklahoma*, 487 U.S. 815, 833–34, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988); *Eddings v. Oklahoma*, 455 U.S. 104, 115–16, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). This argument fails because the Supreme Court has limited its holdings concerning mitigating evidence to capital cases. *See Harmelin v. Michigan*, 501 U.S. 957, 996, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

## V

We conclude that Measure 11, as applied to Alvarado, does not violate the due process or equal protection clauses of the Fourteenth Amendment, or the protection against cruel and unusual punishment of

the Eighth Amendment, under the clearly established case law of the United States Supreme Court.

AFFIRMED.