Clyde Tommy **DENNEY**, Petitioner—
Appellant,

v.

George M. **GALAZA**, Warden,
Respondent—Appellee.

No. 00–16354.

D.C. No. CV–98–02489–CAL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided Feb. 25, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before HUG, CUDAHY,** and
TASHIMA, Circuit Judges.

MEMORANDUM ***

Clyde Denney, prisoner of the State of California, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

A district court's decision to deny a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *See Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). Because Denney's Sixth Amendment claim was denied on the merits in a State proceeding, we may grant relief on this claim only if the State court's decision (1) was contrary to clearly established Federal law, as determined by the Supreme Court; (2) involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court; or (3) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). We consider each of these standards in turn.

I. Contrary to Clearly Established Federal Law

■ A state court's decision is contrary to clearly established federal law, as determined by the Supreme Court, if it (1) "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We conclude that the state court's decision on Denney's Sixth Amendment claim meets neither of these "contrary to" tests.

■ Regarding the first test, Supreme Court precedent provides that an accused has a Sixth Amendment right to counsel during any post-indictment confrontation that occurs at a "critical" stage in the proceedings. *See United States v. Ash,* 413 U.S. 300, 317, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1972); *United States v. Wade,* 388 U.S. 218, 224, 236–37, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1966). The state court essentially applied this rule in reviewing Denney's claim, as evidenced by the court's paraphrase of the rule and citation to *Wade.* Thus, it cannot be said that the state court's decision applied a rule that contradicts the governing law set forth in Supreme Court precedent.

■ As for the second test, the Supreme Court has never ruled on whether an accused has a Sixth Amendment right to counsel during an accidental "show up." Therefore, because there was no case with which to conflict, the state court did not arrive at a result different from Supreme

** Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Court precedent when it found that Denney did not have a Sixth Amendment right to counsel during the accidental "show up" in this case.

## II. Unreasonable Application of Federal Law

■ A state court's application of federal law will be deemed unreasonable only when it is clearly erroneous; that is, when the application leaves one "with a definite and firm conviction that an error has been committed." *Van Tran v. Lindsey*, 212 F.3d 1143, 1153 (9th Cir.2000) (internal quotation marks omitted).

■ As noted above, Supreme Court precedent provides that an accused has a Sixth Amendment right to counsel during any post-indictment confrontation that occurs at a "critical" stage in the proceedings. *See Ash*, 413 U.S. at 317, 93 S.Ct. 2568; *Wade*, 388 U.S. at 224, 236–37, 87 S.Ct. 1926. Applying this rule to the present case, the state court found that Denney did not have a right to counsel during the accidental "show up," and thus that his Sixth Amendment right was not violated. We cannot say that this application of federal law was clearly erroneous.

The encounter in this case was accidental and brief. At no point was Denney addressed by the prosecution or witnesses, and the government did not attempt to orchestrate the scene in any way that might suggest Denney's guilt to the witnesses. In light of these facts, there was no possibility during the encounter that Denney "might be misled by his lack of familiarity with the law or over-powered by his professional adversary," and, consequently, there was no confrontation for Sixth Amendment purposes. *Ash*, 413 U.S. at 317, 93 S.Ct. 2568.

Because the encounter in this case was not a true confrontation, Denney was not entitled to the assistance of counsel. As such, the state court's decision that Denney's Sixth Amendment right to counsel was not violated reflected a reasonable application of clearly established federal law.

## III. Unreasonable Determination of the Facts

■ For his final argument, Denney submits that the state court relied on an "unreasonable determination of the facts" when it denied relief on his Sixth Amendment claim. Specifically, Denney contends that the state court relied on the accidental nature of the encounter in holding that he had no right to counsel, even though the available evidence suggests that the "show up" was not by chance. In support of this claim, Denney notes that prisoners are regularly unloaded in view of the conference room where the witnesses were gathered, and that the prosecution knew of this fact.

Denney's argument is unpersuasive. While the prosecution knew that prisoners were unloaded in view of the conference room, nothing in the record suggests that the prosecution knew that Denney would be arriving at that spot during the witness meeting. On the other hand, there is evidence in the record to show that the prosecution was caught off guard by Denney's sudden appearance. According to the state court, the prosecuting attorney at the meeting "told the witnesses that the robber may not be in the courtroom," and was "surprised to see the van and did not anticipate its arrival at that time." In light of these facts, it was not unreasonable for the state court to find the encounter in this case accidental. As such, it cannot be said that the state court relied on an unreasonable factual determination in reaching its decision to reject Denney's Sixth Amendment claim.

## IV. Conclusion

The state court proceedings on Denney's Sixth Amendment claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Nor was the state court's decision based on an unreasonable determination of the facts in light of the available evidence. *See* 28 U.S.C. § 2254(d)(2). Therefore, the district court's decision to deny Denney habeas relief is AFFIRMED.