**Randolph RANKINS, Petitioner–Appellant,**

v.

**Tom CAREY, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 01–55965.

D.C. No. CV–00–00650–RT.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2002.*

Decided June 3, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER,** District Judge.

MEMORANDUM ***

The state of California appeals the district court's order granting Randolph Rankins' 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his conviction

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

for robbery. Rankins, who is African–American, argued that the prosecution improperly exercised a peremptory challenge against the last African–American member of his voir dire panel.

We review the district court's decision to grant a § 2254 habeas petition de novo. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). Because Rankins' petition was filed after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lockhart v. Terhune,* 250 F.3d 1223, 1228 (9th Cir.2001). Under AEDPA, we can reverse a state court's decision denying relief only if the decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The state argues, and the trial court and the California Court of Appeal agreed, that under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the prosecutor's stated reasons for exercising the questioned peremptory challenge were rational and nondiscriminatory. A trial court's finding regarding whether a prosecutor's use of a peremptory challenge was discriminatory is entitled to a presumption of correctness and will not be disturbed unless the district court finds that the trial court committed clear error. *See McClain v. Prunty,* 217 F.3d 1209, 1220 (9th Cir. 2000). "Since the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference." *Batson,* 476 U.S. at 98 n. 21, 106 S.Ct. 1712. Here, the prosecutor stated that he excluded persons involved in educational employment, including the voir dire person in question. In addition to the African–American voir dire person, he excluded four other persons who worked in education, but did not exercise a challenge against one retired teacher. Furthermore, the prosecutor stated that he excluded the voir dire person because she gave short, incomplete answers in response to the jury questionnaire and did not appear to be forthcoming with information. The prosecutor also excluded four other persons he found to be less than forthcoming with their answers to the questionnaire.

"[A] state court factual determination is unreasonable if it is so clearly incorrect that it would not be debatable among reasonable jurists." *Jeffries v. Wood,* 114 F.3d 1484, 1500 (9th Cir.) (en banc), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997), *overruled on other grounds by Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The case before us is a close one but we give deference to the findings of the trial court that actually saw and heard the voir dire proceedings. The trial court concluded that the prosecutor's stated reasons for exercising the challenge were rational and race-neutral and the state appellate court agreed. We conclude that the state court's determination that the prosecutor's reasons were not discriminatory was not an unreasonable determination of the facts in light of the evidence. Because we so hold, we need not decide whether the prosecutor's act of stating reasons for his use of the challenge rendered moot the need for the court to find that Rankins had established a prima facie case for *Batson* purposes.

REVERSED.

HAWKINS, Circuit Judge, dissenting.

HAWKINS, Circuit Judge.

I respectfully dissent. In a close case, an African–American defendant saw the

only potential African–American juror challenged by the prosecutor. Facing a *Batson* challenge, the prosecutor provided a two-part justification: (1) that he challenged all potential jurors who were "involved in education"—yet he allowed a retired teacher to sit (someone much closer to being "involved in education" than someone who "worked"—in what capacity we do not know—at a local community college); and (2) that he did not like her "short form" answers to the juror questionnaire—yet many of the jurors who went unchallenged gave similarly brief responses (the trial judge admitted he had "encouraged" the rapid filling out of the forms by potential jurors). These explanations are gossamer at best and smack of pretext. I would defer to the judgment of the district judge, a seasoned trial veteran who carefully considered the record and chose to grant the writ.