**CASEY F., a minor, Petitioner—Appellant,**

v.

**Bill LOCKYER, Respondent—Appellee.**

No. 99–17482.

D.C. No. CV–99–01351–CAL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 2, 2002.

Before SCHROEDER, Chief Judge,
FISHER and PAEZ, Circuit Judges.

### MEMORANDUM *

Casey F. appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his convictions for rape, forcible penetration and forcible oral copulation. He argues that he was denied effective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We review the district court's decision to deny a § 2254 habeas petition de novo. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). Casey's petition, filed after April 24, 1996, is subject to the Antiterror-

ism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lockhart v. Terhune,* 250 F.3d 1223, 1228 (9th Cir.2001). Under AEDPA, we can reverse a state court's decision denying relief only if the decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Casey must show both that his counsel's performance was constitutionally deficient and that it prejudiced him. *See Williams v. Taylor,* 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ Casey argues that his privately retained counsel rendered ineffective assistance when she failed to seek court appointment of an expert on sexual trauma because California law provides counsel and ancillary services to juveniles without regard to indigency. He contends that the state appeals court was mistaken in finding that his attorney reasonably concluded that the trial court would not provide funds to a defendant who had not claimed indigency and who had privately retained counsel. The law does not support Casey's contention. California Welfare and Institutions Code § 634 provides for court-appointed counsel without regard to indigency if a minor arrives at a hearing unrepresented and does not waive his right to counsel or if the minor's parents retain counsel and the court concludes that there is a conflict of interest such that the retained attorney cannot adequately represent the interests of both the parents and the minor. *See* Cal. Welf. & Inst.Code § 634. Section 634 does not address the

provision of ancillary services for juveniles. However, California law provides generally for court-appointed necessary expert services for defendants who establish indigency. *See People v. Worthy,* 109 Cal.App.3d 514, 167 Cal.Rptr. 402, 406 (Ct.App.1980). As far as Casey's counsel was concerned, however, Casey was not indigent. Casey's father funded the services of counsel and at least one expert, a toxicologist. "If a defendant is able to pay counsel, by whatever means, his indigency has not been established." *Worthy,* 167 Cal.Rptr. at 406. We agree with the state appeals court that counsel reasonably concluded that it would be futile to file a petition seeking court-appointed expert services.

Furthermore, even if Casey could establish that counsel's performance was deficient, he does not establish prejudice. The state trial court found compelling the testimony of the county sexual assault examiner who conducted the victim's physical examination and described the victim's injuries as the worst she had seen in over 500 sexual assault examinations. It is doubtful that Casey's sexual trauma expert would have been able to refute the physical evidence and testimony of the examiner, the victim, a police officer and three other individuals who saw the victim after the incident.

Casey also argues that his counsel rendered ineffective assistance because she failed to retain and properly prepare an expert to testify to the impact of alcohol intoxication on Casey's ability to attain and maintain an erection. Casey's counsel discussed this subject with the defense's toxicology expert prior to trial, yet was surprised at trial when the expert stated that he could not give an opinion on the subject. Although counsel should have had a better grasp of the expert's expected testimony prior to trial, she nevertheless provided the expert with all of the pertinent infor-

mation and reports. We cannot conclude from this record that counsel provided deficient performance. Furthermore, in light of the evidence and testimony presented, Casey fails to establish that the lack of an alcohol expert resulted in actual prejudice.

AFFIRMED.