**Shonte Novell MOSLEY, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–Appellee.**

No. 01–57246.

D.C. No. CV–01–05410–NM.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.[*]

Decided March 17, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM[**]

California state prisoner Shonte Novell Mosley appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition as procedurally barred. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm in part and reverse and remand in part.

The California Supreme Court denied Mosley's habeas petition, which was filed after *In re Robbins,* 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998), as untimely. We recently concluded that California's untimeliness rule is an independent state ground for cases initiated after *Robbins. See Bennett v. Mueller,*

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

296 F.3d 752 (2002), *amended on denial of reh'g*, 322 F.3d 573, 574, 582–583 (9th Cir. 2003). We therefore affirm the district court's ruling on the issue of independence.

In *Bennett*, we did not decide whether California's untimeliness rule is also an adequate state ground, but we explained where the burden of proof on this issue lies. *Id.* at 583–586. Because this is a new standard, we reverse on the issue of adequacy and remand for the district court to reconsider in light of *Bennett*.[1]

**AFFIRMED in part; REVERSED AND REMANDED in part.**

---

**1.** We decline the State's invitation to consider whether Mosley's petition is timely because the district court has not yet addressed this issue.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.