Fredrick D. TURNER, Petitioner–
Appellant,

v.

Randolph L. CANDELARIA,
Respondent–Appellee.

No. 00–15606.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before: PREGERSON, REINHARDT,
and GRABER, Circuit Judges.

MEMORANDUM **

Fredrick D. Turner appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Turner challenges his California conviction and 27–years–to–life sentence for receipt of stolen property. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing the district court's decision de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Turner contends that his 27–years–to–life sentence for receipt of stolen property constitutes cruel and unusual punishment, in violation of the Eighth Amendment. We cannot agree.

Under California's three-strikes law, the state court's refusal to reduce Turner's conviction to a misdemeanor was within its discretion. *See Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 1189–90, 155 L.Ed.2d 108 (2003). Because Turner has at least two prior violent or serious felonies, he received a mandatory sentence of 25–years–to–life. *See* Cal.Penal Code §§ 667(e)(2)(A).¹ The State of California

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because of Turner's two prior robbery convictions, he was also sentenced to an additional two consecutive years. *See* Cal.Penal Code § 667.5.

is entitled to punish recidivists more harshly than first-time offenders. *See Ewing,* 123 S.Ct. at 1190. Although Turner's sentence is severe, we cannot say that it violates the Eighth Amendment. *See Id.* at 1189–90.

Because the state court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, the district court properly denied Turner's § 2254 petition. *See Lockyer v. Andrade,* — U.S. —, 123 S.Ct. 1166, 1173–75, 155 L.Ed.2d 144 (2003) (upholding state court's affirmance of two consecutive 25–years–to–life sentences for petty theft).

**AFFIRMED.**[2]

REINHARDT, Circuit Judge, specially concurring.

I concur only under compulsion of the Supreme Court's decision in *Andrade.* I believe the sentence is both unconscionable and unconstitutional.

PREGERSON, Circuit Judge, writing separately, dissenting in part.

In good conscience, I cannot vote to go along with the sentence imposed in this case.