**Larry Eugene WALLACE,**
**Petitioner–Appellant,**

v.

**Roy A. CASTRO, Warden,**
**Respondent–Appellee.**

No. 00–16993.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM **

Larry Eugene Wallace appeals pro se the district court's denial of his 28 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellee's request for oral argument is denied. Ap-

pellant's motion for appointment of counsel is also denied.

** This disposition is not appropriate for publication and may not be cited to or by the

§ 2254 petition. Wallace challenges his California conviction and 50–years and 6–month to life sentence for one count each of grand theft, check forgery, possession of stolen property, possession of a forged driver's license, possession of a hypodermic needle or syringe, and petty theft with a prior. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Wallace contends that his sentence of 25–years–to–life for petty theft with a prior conviction, under California's three-strikes law, constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.[1] Reviewing the district court's decision de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we cannot agree.

Because Wallace had at least two prior violent or serious felonies, he received a mandatory sentence of 25–years–to–life for his petty theft conviction. *See* Cal.Penal Code §§ 667(e)(2)(A). The State of California is entitled to punish recidivist more harshly than first-time offenders. *See Ewing v. California,* —— U.S. ——, ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003). Although Wallace's sentence is severe, we cannot say that it violates the Eighth and Fourteenth Amendments. *See Id.* at 1189–90.

Because the state court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, the district court properly denied Wallace's § 2254 petition. *See Lockyer v. Andrade,* —— U.S. ——, —— – ——, 123 S.Ct. 1166, 1173–75, 155 L.Ed.2d 144 (2003) (upholding state court's affirmance of two consec-

utive 25–years–to–life sentences for petty theft).

**AFFIRMED.**

REINHARDT, Circuit Judge, specially concurring.

I concur only under compulsion of the Supreme Court's decision in *Andrade.* I believe the sentence imposed on the petty theft count is both unconscionable and unconstitutional.

PREGERSON, Circuit Judge, writing separately, dissenting in part.

In good conscience, I cannot vote to go along with the sentence imposed on the petty theft count.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** To the extent that Wallace argues other issues in his brief, we do not consider them

because they fall outside the scope of the COA. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).