**Mahlon Jabbar SINGLETON,
Petitioner–Appellant,**

v.

**Teresa ROCHA, Director of the California Department of Corrections;
et al., Respondents–Appellees.**

No. 02–55981.

D.C. No. CV–01–01103–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted May 23, 2003.*

Decided June 10, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

California state prisoner Mahlon Jabbar Singleton appeals pro se the district court's partial denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Singleton contends that the evidence was insufficient to sustain his conviction for reckless driving while evading a police officer, in violation of California Vehicle Code § 2800.2, on an aiding-and-abetting theory. However, we agree with the district court that the evidence of Singleton's conduct prior to and after the getaway chase, in addition to his presence as a passenger in the car, is sufficient to sustain the conviction. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (stating that evidence is constitutionally sufficient so long as the reviewing court concludes, "after viewing the evidence in the light most favorable to the prosecution, [that] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

Because the evidence was sufficient, the district court properly denied Singleton's petition as to this claim. *See* 28 U.S.C. § 2254(d) (stating that habeas relief is unavailable when the state court's decision is

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

neither contrary to nor an unreasonable application of clearly established federal law).[1]

**AFFIRMED.**

---

1. We do not address Singleton's other claims because they were not included in the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam) (stating that 28 U.S.C. § 2253(c) limits appellate review to claims included in the certificate of appealability). We deny Singleton's request to broaden the certificate of appealability.

