**James Ray HUNTER, Petitioner—Appellant,**

v.

**Glen PARIN, Warden; et al., Respondents—Appellees.**

No. 02–16721.

D.C. No. CV–00–02220–SRB.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted June 9, 2003.*

Decided June 17, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner James Ray Hunter appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his convictions for felony murder and robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Hunter contends that the erroneous admission of hearsay testimony regarding the partial license plate number of the car used in the robbery violated his rights under the Confrontation Clause. The district court properly denied habeas relief, however, because any error was harmless due to the substantial other evidence identifying Hunter's car as the one at the scene, as well as the other evidence of Hunter's guilt. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that in a habeas case, an error is harmless unless it had a "substantial and injurious effect" on the verdict).

Hunter also contends that his appellate counsel was constitutionally ineffective because he failed to argue the hearsay claim persuasively and failed to raise various other issues. However, appellate counsel's

brief adequately discussed the hearsay issue, including any resulting prejudice to Hunter's defense, and none of the additional issues identified by Hunter would have been meritorious. Thus, Hunter has not shown that his right to effective assistance of counsel was violated. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a claim of ineffective assistance of counsel requires a showing of deficient performance and prejudice); *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir.2001) ("[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal.").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied. In addition, we deny Hunter's request for appointment of counsel for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.