**Heraclio DUENAS, Petitioner–Appellant,**

**v.**

**C.A. TERHUNE, Director of the California Department of Corrections, Respondent–Appellee.**

No. 02–16130.

D.C. No. CV–01–20512 JF.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2003.*

Decided June 18, 2003.

Before T.G. NELSON and HAWKINS, Circuit Judges, and ZILLY, District

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Judge.**

## MEMORANDUM***

Heraclio Duenas appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This court reviews *de novo* the district court's denial of a petition for writ of habeas corpus. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). At Petitioner's trial, the California state court gave jury instruction CALJIC No. 8.71, which Petitioner alleges violated his right to due process. The instruction was read to the jury as follows:

> If you are convinced beyond a reasonable doubt and unanimously agree that the crime of murder has been committed by a defendant but unanimously—but you unanimously agree that you have a reasonable doubt whether the murder was of the first or of the second degree, you must give the defendant the benefit of the doubt and return a verdict fixing the murder as of the second degree.

Under 28 U.S.C. § 2254(d)(1), a state prisoner may obtain habeas relief only if the state court adjudication resulted in a decision that was "contrary to" or involved an "unreasonable application" of clearly established federal law, as determined by the Supreme Court of the United States. *Williams v. Taylor,* 529 U.S. 362, 402–03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). When instruction error is alleged, the court considers whether the instruction by itself so infected the entire trial that the resulting conviction violates due process. *Suniga v. Bunnell,* 998 F.2d 664, 666 (9th Cir.1993).

The jury instructions in Petitioner's state court trial correctly informed the jury that it had to reach a unanimous verdict both as to guilt and as to degree. The challenged instruction merely informed the jury that it should find second degree murder if it believed Petitioner was guilty of murder, but unanimously had reasonable doubt as to degree. Petitioner has not shown that this instruction, read together with all of the instructions provided to the jury, was likely to mislead the jury into believing that first degree murder was somehow a "default" result.

Further, Petitioner has not shown that the instruction by itself so infected the entire trial that the resulting conviction violates due process. Petitioner also fails to show that the California state court ruling was contrary to, or involved an unreasonable application of clearly established Supreme Court authority.

AFFIRMED.

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.