Armando CRAMER, Petitioner–Appellant,

v.

Robert L. AYERS, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 02–55953.

D.C. No. CV–00–09201–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

California state prisoner Armando Cramer appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his conviction and 34–years–to–life sentence for attempted murder and burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Cramer contends that trial counsel provided ineffective assistance because coun-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sel pursued a defense of voluntary intoxication, but did not investigate and call witnesses or otherwise put on evidence in support of that defense. However, Cramer has not submitted evidence sufficient to overcome the presumption that counsel was acting within the bounds of reasonable professional conduct. *See Murtishaw v. Woodford,* 255 F.3d 926, 939 (9th Cir.2001) (stating that the defendant "bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy"). Further, the statements of the witnesses identified by Cramer would not have been sufficient to convince a rational jury that Cramer lacked the ability form the requisite intent. *See California v. Horton,* 11 Cal.4th 1068, 47 Cal.Rptr.2d 516, 906 P.2d 478, 510 (1996) (explaining that a voluntary intoxication instruction is not warranted when the evidence does not indicate that the defendant's intoxication affected his or her ability to form the necessary intent). Therefore, Cramer has not shown that he was prejudiced by any error on counsel's part. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that prejudice "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Thus, the district court properly denied Cramer's petition.[1]

**AFFIRMED.**

---

1. We deny appellant's motions for appointment of counsel.

