**Jason Johnathan LEWIS, Petitioner–Appellant,**

v.

**John R. LARKIN; Janet Napolitano, Respondents–Appellees.**

No. 02–17006.
D.C. No. CV–02–00241–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument and denies Lewis's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Arizona state prisoner Jason Johnathan Lewis appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his conviction and life sentence for first-degree murder and kidnaping. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Lewis contends that his trial counsel provided ineffective assistance because she incorrectly believed that under Arizona law, the state was required to disprove Lewis's defense of self-defense beyond a reasonable doubt. *See* Ariz.Rev.Stat. § 13–205(A) (providing that the burden is on the defendant to prove self-defense by a preponderance). The Arizona Court of Appeals rejected this claim, reasoning that although counsel's performance was deficient, Lewis had not shown prejudice. This state court decision was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Early v. Packer,* 537 U.S. 3, 123 S.Ct. 362, 365–66, 154 L.Ed.2d 263 (2002) (per curiam); *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that ineffective assistance of counsel occurs when there is deficient performance and prejudice, which "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Thus, the district court properly denied Lewis's petition.[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Appellant's motion for an extension of time to file excerpts of record is denied as unnecessary. *See* 9th Cir. R. 24–1.