**Carl Young LANGENDORF,**
**Petitioner–Appellant,**

v.

**Jack KOPP, Respondent–Appellee.**

No. 02–35484.

D.C. No. CV–01–00329–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.[*]

Decided Aug. 18, 2003.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**402**

Before SCHROEDER, Chief Judge,
HAWKINS and TASHIMA, Circuit
Judges.

MEMORANDUM **

Washington state prisoner Carl Young Langendorf appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, which challenges the Washington Department of Corrections' failure to certify earned release time credits. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Langendorf contends that his due process rights have been violated because the superintendent of his prison has not "certified" his earned release time. *See* Wash. Rev.Code § 9.95.070 (stating that when the superintendent "files a report certifying" that an inmate's "conduct and work have been meritorious and recommending allowance of time credits" and the indeterminate sentence review board adopts the recommendation, the inmate shall "be allowed time credit reductions from the term of imprisonment fixed by the board"). However, regulations specify that certification occurs "at the end of the longest concurrent sentence." Wash. Dep't of Corr. Policy Directive 350.100(V)(A)(3). Because Langendorf has not reached this point in his sentence, he cannot demonstrate that the procedures for giving effect to his earned release time have been violated. Langendorf therefore has not shown that he has been denied a liberty interest without due process. *Cf. Bergen v. Spaulding,* 881 F.2d 719, 721 (9th Cir. 1989) (indicating that Washington state prisoners are entitled to due process when the application of earned release time credits would result in release from prison). Thus, the district court properly denied Langendorf's petition.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.