El Trevino WOODS, Petitioner–Appellant,

v.

Richard MORGAN, Superintendent, Respondent–Appellee.

No. 03–35056.

D.C. No. CV–01–01394–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 21, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

Washington state prisoner El Trevino Woods appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, which challenges his convictions for murder, attempted murder, and assault. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo,

---

\* The panel unanimously finds this case suitable for decision without oral argument and denies Gelissen's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We deny Woods's request for oral argument.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Woods contends that his rights under the Confrontation Clause were violated when the trial court precluded admission of the gang affiliations of the state's witnesses on cross-examination. However, the Washington Court of Appeals concluded that, given the apparent nature of Woods's intended use of this evidence and the fact that Woods was able to impeach these witnesses by other means, the trial court's decision was a proper exercise of that court's discretion to limit introduction of unfairly prejudicial evidence. That conclusion was not contrary to or an unreasonable application of federal law as clearly established by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (stating that trial judges retain "wide latitude" to place limits on cross-examination to alleviate unfair prejudice and that the Confrontation Clause is not violated by reasonable such limitations). The district court therefore properly denied Woods's petition.[1]

AFFIRMED.

---

1. We deny Woods's request for appointment of counsel.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.