**Brian CRUZ, Petitioner—Appellant,**

v.

**D. ADAMS, Respondent—Appellee.**

No. 05–16142.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Brian Cruz, Ione, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jessica N. Blonien, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Brian Cruz, a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging the California Department of Corrections and Rehabilitation's decision that he was in possession of inmate-manufactured alcohol. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

Cruz contends that he was denied due process because there was no laboratory test of the physical evidence used against him, in violation of California Code of Regulations, title 15, section 3290, subsection (e). Due process requires that prison disciplinary decisions be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Biggs v. Terhune,* 334 F.3d 910, 914–15 (9th Cir.2003). The disciplinary board's decision, which was based on a rules violation report, is supported by some evidence. The report indicated that

---

a corrections officer discovered one and a half gallons of inmate-manufactured alcohol under the bottom bunk of Cruz's cell. The substance was in the late stages of fermentation and with a strong odor of alcohol. This was verified by an additional corrections officer.

To the extent that Cruz argues that the failure to conduct a laboratory test constitutes misapplication of the California Code of Regulations, Cruz fails to state a federal constitutional claim. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Even assuming the claim is cognizable, Cruz's contention fails because he cites to a regulation that is not applicable to his case, and which was not relied upon by the disciplinary board.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.