**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUY TRONG TRAN,

              Petitioner - Appellant,

    v.

KELLY HARRINGTON, Warden,

              Respondent - Appellee.

No. 13-55640

D.C. No. 8:11-cv-01865-AG-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 11, 2014[**]
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

    Huy Trong Tran was convicted of numerous charges, including attempted

first degree murder and attempted voluntary manslaughter, following a series of

violent confrontations between Tran, his ex-girlfriend (Michelle Ho), and his ex-

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

girlfriend's new boyfriend (Antonio Hernandez).[1] Tran appeals the district court's order dismissing his 28 U.S.C. § 2254 habeas corpus petition. He argues the state court unreasonably denied his claim that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to retain an expert to testify that Tran's methamphetamine use prevented him from formulating the required intent for attempted murder and attempted voluntary manslaughter. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's order.

We "review de novo a district court's decision to deny a habeas petition brought under 28 U.S.C. § 2254." *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir. 2001). Here, the district court correctly concluded that Tran's ineffective assistance of counsel claim was denied on the merits. The writ will not issue unless "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). When evaluating *Strickland* claims under AEDPA, our review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

---

[1] The parties are familiar with the facts of the case, so we will not recount them here.

A district court's denial of a habeas petitioner's request for an evidentiary hearing is reviewed for abuse of discretion. *West v. Ryan*, 608 F.3d 477, 484 (9th Cir. 2010).

1.      The clearly established federal law regarding ineffective assistance of counsel is found in *Strickland*. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must prove that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. This court looks to the state court's last reasoned decision. *Benson v. Terhune*, 304 F.3d 874, 880 n.5 (9th Cir. 2002). Here, that is the California superior court's July 2011 decision.

We conclude the state superior court did not unreasonably apply *Strickland* when it ruled that Tran failed to show deficient performance by his trial counsel. There was no declaration from trial counsel addressing why he did not use a drug expert at trial, and no showing that a drug expert was available who would provide favorable testimony.

2.      Tran requests that the court take judicial notice of scientific research on how methamphetamine use impairs cognitive functioning. We deny this request because "review under § 2254(d)(1) is limited to the record that was before the

3

state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398.

3.      Prior to obtaining counsel on appeal, Tran also requested that this court take judicial notice of *Johnson v. United States*, 860 F. Supp. 2d 663 (N.D. Iowa 2012). We deny this request because it is not clear what fact Tran wants noticed, and because he did not renew this request after he obtained counsel.

4.      Finally, Tran argues that if the court is unwilling to grant relief based on the state record, it should remand for an evidentiary hearing under § 2254(e)(2).  But apart from his conclusory assertion, Tran has not shown that he is entitled to an evidentiary hearing.  *See Pinholster*, 131 S. Ct. at 1398–1401.  Even accepting Tran's allegations as true, he did not establish a prima facie case for relief.

        **AFFIRMED.**