NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALARIA GARNETT,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>DERRAL ADAMS,<br><br>               Respondent-Appellee. | No.   16-55215<br><br>D.C. No.<br>2:14-cv-03223-JAK-KS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted March 6, 2018**
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,*** Chief
District Judge.

California state prisoner Valaria Garnett ("Garnett") appeals the district

court's denial of her 28 U.S.C. § 2254 habeas petition. We have jurisdiction

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We review de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir. 2001), and affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Garnett is entitled to relief only if she demonstrates that the state court's denial of her claims was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Where the state supreme court denied review of a prisoner's habeas petition without comment, this Court looks to "the last reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003); *Cannedy v. Adams*, 706 F.3d 1148, 1158–59 (9th Cir. 2013). Here, that is the decision of the California Court of Appeal ("CCA").

Garnett first contends that her trial counsel provided her with ineffective assistance of counsel by failing to procure evidence of her physical weakness as shown by an emergency room report completed over two months before the incident which resulted in her eventual conviction. Accordingly, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). To establish a successful ineffective assistance claim under *Strickland*, Garnett must have

2                                                                    16-55215

demonstrated both that trial counsel's conduct fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's substandard performance, the decision reached by the fact finder would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

After summarizing the factual evidence that would have been presented to the jury had Garnett's counsel procured the emergency room report and comparing that evidence to what was presented, the CCA determined that the report was cumulative and had been contradicted by more recent evidence presented to the jury. Consequently, the CCA concluded that Garnett could not establish prejudice. This determination is supported by the record and is not "contrary to, or . . . an unreasonable application of" *Strickland*. § 2254(d). Further, contrary to Garnett's argument, this Court is satisfied that the CCA's decision was based upon a reasonable determination of the facts. The district court properly denied relief on this claim.

Second, Garnett argues that the admission of fire experimentation evidence rendered her trial so fundamentally unfair that it violated due process as recognized by the Supreme Court in *Estelle v. McGuire*, 502 U.S. 62 (1991). Additionally,

Garnett argues that the CCA's conclusion that the trial court did not abuse its discretion in admitting the fire experimentation evidence was based upon an unreasonable determination of the facts for purposes of § 2254(d)(2). Garnett's arguments must fail as, under the AEDPA, even if this Court were inclined to find the admission of the fire experimentation evidence so "clearly erroneous" that it rendered the trial "fundamentally unfair," we "may not permit the grant of federal habeas corpus relief" if such an admission is "not forbidden by 'clearly established Federal law.'" *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (quoting § 2254(d)(1)). "Simple errors of state law do not warrant federal habeas relief." *Id.* Consequently, Garnett needed to provide this Court with Supreme Court precedent defining the level of similarity required for fire experimentation evidence to be admissible in order to support her claim. As Garnett did not carry this burden, the district court correctly denied this claim.

Third, Garnett claims that her Confrontation Clause rights were violated when Captain Patrick Wills was allowed to provide hearsay testimony that the firefighters responding to the scene of the fire had denied stepping on her mother. Although the CCA determined that any error was harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, 24 (1967), Garnett contends that the CCA's failure to specifically address whether her Confrontation Clause rights were violated mandates that this Court must review both her Confrontation Clause

16-55215

claim and any resulting prejudice de novo. Again, Garnett's argument must fail.

Even if there had been an underlying constitutional violation, a state court's determination that the error "was harmless beyond a reasonable doubt under *Chapman*, . . . undoubtedly constitutes an adjudication of [the] constitutional claim on the merits" for the purposes of AEDPA. *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (internal quotation marks and citation omitted). "When a *Chapman* decision is reviewed under AEDPA, 'a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable.'" *Id.* at 2199 (quoting *Fry v. Pliler*, 551 U.S. 112, 119 (2007)) (emphasis in original). A state court's decision is not unreasonable if "fairminded jurists could disagree on the correctness of that decision." *Harrington*, 562 U.S. at 88 (internal quotation marks and citation omitted). Based upon the overwhelming evidence of guilt and the evidence showing that Garnett's mother had died before the fire started, the CCA determined that the hearsay testimony concerned a collateral issue immaterial to the verdict and was harmless beyond a reasonable doubt. This harmlessness determination is supported by the record and, because "a fairminded jurist could agree with the state court's *Chapman* determination," it is reasonable. *Rademaker v. Paramo*, 835 F.3d 1018, 1024 (9th Cir. 2016) (internal quotation marks and citation omitted). The district court properly denied relief on this claim.

Lastly, Garnett claims that the cumulative effect of all of the alleged errors

16-55215

rendered her trial fundamentally unfair, resulting in a conviction in violation of due process. "The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 290 n.3 (1973)). The errors must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Such an infection occurs where the combined effect of the errors had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). After extensive review, this Court, like the CCA before it, has not discovered any harmful error that by itself, or together with other alleged errors, could have substantially affected the jury's verdict. *See Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011) ("Because we conclude that no error of constitutional magnitude occurred, no cumulative prejudice is possible."). Relief on this claim was properly denied.

**AFFIRMED.**

6                                                                                      16-55215