**Lorenzo Perez GUERRA, Petitioner–Appellant,**

v.

**John RATELLE, Warden, Respondent–Appellee.**

**No. 01–57073.**

**D.C. No. CV–99–03028–DT.**

United States Court of Appeals, Ninth Circuit.

---

ingly, appellant's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Submitted May 12, 2003.*

Decided May 19, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM **

California state prisoner Lorenzo Perez Guerra appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction and 14–year sentence for attempted second-degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Guerra contends that error occurred under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), because in response to a question from the jury, the trial court instructed the jury that "people are presumed to intend the natural and probable consequence of their acts which they do on purpose." *See Sandstrom,* 442 U.S. at 524 (holding that a similar instruction improperly shifted the burden of proof onto the defendant). However, we agree with the district court that any error in this case was harmless because the challenged instruction did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that the substantial effect test applies in habeas cases) (internal quotation marks omitted); *cf. Dickey v. Lewis,* 859 F.2d 1365, 1375–76 (9th Cir.1988) (concluding that *Sandstrom* error was harmless when the defendant had shot the victim only once but his prior conduct demonstrated an intent to kill).[1]

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All pending motions are denied.