Derek GAYLES–SHEALY, Petitioner–Appellant,

v.

Derral G. ADAMS, Respondent–Appellee.

No. 02–56649.

D.C. No. CV–01–02876–GHK.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

---

1. We deny appellant's motions for appointment of counsel.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2). We deny appellant's request for oral argument.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM **

California state prisoner Derek Gayles–Shealy appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his conviction and 25–years–to–life sentence for sale of a controlled substance. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Gayles–Shealy contends that his rights under the Sixth and Fourteenth Amendments were violated when the trial court refused to allow his attorney to question an undercover officer regarding the characteristics of the concealed microphone he wore. Because this information would have had only minimal relevance and Gayles–Shealy was fully able to cross-examine the officer on the main aspects of his defense theory, no constitutional error occurred. *See Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (stating that a defendant is entitled only to "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish").

Gayles–Shealy also contends that his sentence violates the Eighth Amendment.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

This claim necessarily fails under *Lockyer v. Andrade,* — U.S. —, —, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (holding that the state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to or an unreasonable application of clearly established federal law).

Thus, the district court properly denied Gayles–Shealy's petition.

AFFIRMED.