**Johnny Lee WILLIAMS, Petitioner–Appellant,**

v.

**C.A. TERHUNE, Warden, Respondent–Appellee.**

No. 02–17179.

D.C. No. CV–00–20040–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

### MEMORANDUM**

California state prisoner Johnny Lee Williams appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, which challenges his convictions and life sentence for burglary, car theft, kidnaping, robbery, attempted robbery, false imprisonment, and assault with a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Williams contends that his Sixth Amendment right to conflict-free counsel was violated because the trial court denied his request for new counsel after his court-appointed attorney disclosed that he had accepted future employment with the prosecutor's office and made a comment indicating that Williams's case was a "financial burden." The California Court of Appeal rejected this claim, reasoning that counsel's future employment did not create an

actual conflict and that, when read in context, counsel's comment regarding the financial burden indicated only his commitment to Williams's case. Moreover, the court concluded that counsel's performance at trial indicated that he was not affected by any conflict of interest.

We cannot say that the California court's conclusions were contrary to or an unreasonable application of federal law as clearly established by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Cuyler v. Sullivan*, 446 U.S. 335, 348–50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (indicating that a habeas petitioner who objected to a potential conflict at trial may obtain relief only by showing (1) that the trial court failed to conduct an adequate inquiry; or (2) that counsel "actively represented conflicting interests"); *see also Garcia v. Bunnell*, 33 F.3d 1193, 1199 (9th Cir.1994) (stating that defense counsel's acceptance of a job offer from the prosecutor's office did not create an actual conflict of interest). Thus, the district court properly denied Williams's petition.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.