Enrique OQUENDO, Petitioner–
Appellant,

v.

Mike KNOWLES, Warden,
Respondent–Appellee.

No. 03–16785.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

Joseph J. Wiseman, Esq., Wiseman Law Group, Sacramento, CA, for Petitioner–Appellant.

David S. Rhodes, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Enrique Oquendo, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a petition for habeas corpus, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), and affirm.

Oquendo contends that his due process rights were violated because the trial court failed to provide separate jury instructions for second degree murder, resulting in unclear and misleading instructions on murder. After reviewing the record, we conclude that there was no due process violation because the jury instructions, taken as a whole, adequately advised the jury of the elements of second degree murder. *See Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (stating that jury instructions, viewed in whole, are reviewed for whether they so infected the trial as to render the whole proceeding unfair); *see also Dunckhurst v. Deeds,* 859 F.2d 110, 114 (9th Cir.1988) (explaining that a state trial court's refusal to give an instruction alone does not raise a cognizable federal habeas claim, but rather the error must infect the entire trial). Accordingly, the state court's conclusion did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.