**Shawndell DAVIS, Petitioner— Appellant,**

**v.**

**Don TAYLOR, Warden, Respondent— Appellee.**

**No. 03–57014.**

United States Court of Appeals, Ninth Circuit.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**808**

Submitted Oct. 5, 2004.*

Decided Oct. 27, 2004.

Elizabeth A. Missakian, Esq., San Diego, CA, for Petitioner–Appellant.

Warren P. Robinson, District Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM **

Shawndell Davis ("Davis") appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Davis was convicted of attempted murder, aggravated mayhem, two counts of robbery, and grand theft of a firearm. Davis first challenges the conviction based on the admission of statements taken in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Second, Davis contends that his codefendant's rap lyrics were improperly admitted against him at trial in violation of his right to confrontation. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.[1] We review *de novo* a district

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the facts and prior proceedings are known to the parties, we restate them only as necessary to explain our disposition.

court's denial of a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001).

## I.

The parties have divided Davis' interrogation into three parts, which we adopt for convenience. Although Davis challenges the use of all three parts of the interrogation, because Parts I and III were never admitted into evidence at trial, the focus of our inquiry is on Part II (between the reading of the *Miranda* warnings and Davis' second request for counsel). We analyze the effect of the pre-*Miranda* questioning in Part I on Davis' later, warned statements in Part II in the context of the voluntariness of Davis' alleged waiver.

■ The California Court of Appeal held that Davis properly invoked his *Miranda* right to counsel, but that he then validly waived that right. This analysis was not an unreasonable application of Supreme Court precedent under 28 U.S.C. § 2254(d). After requesting counsel, Davis immediately stated "[a]ll I really even want to know now is what I'm being charged with?" As in *Oregon v. Bradshaw,* 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983), Davis thereby initiated conversation with the detectives about the investigation, and thus their continued questioning after Davis requested counsel did not violate *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

A defendant may waive the rights conveyed in the *Miranda* warnings "provided the waiver is made voluntarily, knowingly and intelligently." *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. Davis stated "Oh no, no burglary. Oh see yeah. See I speak on that. 'Cause I speak on what I did do wrong. I'm guilty for that." He then proceeded to admit inculpating facts. The

Court of Appeal did not unreasonably apply federal law in concluding that Davis validly waived his right to counsel when he made these statements. We agree with the Court of Appeal's determination that the waiver was freely initiated, and not the product of intimidation, coercion, or deception. *Cf. id.* at 476, 86 S.Ct. 1602; *Arizona v. Fulminante,* 499 U.S. 279, 287, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Davis also argues that his waiver was invalid because he was "worn down by lengthy questioning," prior to the reading of the *Miranda* warnings. Davis' unwarned interrogation in Part I did not taint the waiver in Part II, however, because the statements taken in Part I were not coerced. *See Oregon v. Elstad,* 470 U.S. 298, 314, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).

A knowing and intelligent waiver must be "made with a full awareness of the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran,* 475 U.S. at 421, 106 S.Ct. 1135. Davis told the detectives that he understood his rights "perfectly" just before invoking the right to counsel and immediately initiating conversation about the investigation. He then reasserted his right to counsel at the beginning of Part III of the interrogation. On these facts, the Court of Appeal did not unreasonably apply Supreme Court precedent in finding that Davis' waiver was knowing and intelligent and that, based on the totality of the circumstances, he waived his right to the assistance of counsel. *See id.*

## II.

Davis argues that he is entitled to habeas relief because the trial court erred in admitting his codefendant Gilbert's rap lyrics in violation of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20

L.Ed.2d 476 (1968), and *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). *Bruton* held that the admission in a joint trial of a codefendant's out-of-court statement naming the defendant as a participant in the crime violated the defendant's rights under the Confrontation Clause. 391 U.S. at 125, 88 S.Ct. 1620. *Richardson* held that where such a statement is redacted to "eliminate not only the defendant's name, but any reference to his or her existence," and where a limiting instruction is provided, there is no deprivation of confrontation rights. 481 U.S. at 211, 107 S.Ct. 1702. As the California Court of Appeal concluded, because the rap lyrics did not reference Davis by name, there was no violation of *Bruton.* *See Richardson,* 481 U.S. at 208, 107 S.Ct. 1702. Yet the song's reference to Gilbert's "crimy" was an implicit reference to Davis. Because the document was not redacted to eliminate any reference to Davis' "existence," and because there was no limiting instruction, the Court of Appeal properly assumed that its admission violated *Richardson.*

■ Nonetheless, we agree with the Court of Appeal's determination that even if the admission of the rap lyrics violated *Richardson,* it was harmless error. Aside from the lyrics, the state presented substantial evidence linking Davis to the crimes, including the victims' positive identification of Davis and Davis' statement to Nadine Morris that he was present when the robbery occurred. In finding harmless error, the Court of Appeal did not unreasonably apply *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See Lockyer v. Andrade,* 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) ("the only question that matters under section 2254(d)(1) [is] whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law"). Thus,

habeas relief is not warranted on this claim.

Accordingly, the district court's judgment is AFFIRMED.