Ruben Antonio MOSS, Petitioner—
Appellant,

v.

M.L. SMITH, Warden, Respondent—
Appellee.

No. 03–56119.
D.C. No. CV–97–07031–AAH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Nov. 10, 2004.

Monica Knox, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Ruben Antonio Moss, 15621, Michelle Des Jardine, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Ruben Antonio Moss was convicted of one count of first degree murder and one

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

count of conspiracy to commit murder. Additionally, a jury found true the special circumstance that the victim, Detective Thomas C. Williams, was a police officer killed in retaliation for the performance of his duties. The district court denied Moss's habeas petition challenging this conviction. Moss contends that the supplemental instructions and responses to jury questions given by the trial court during deliberations were misleading and amounted to a deprivation of his constitutional right to a jury trial. Specifically, he argues that the trial court should have given an instruction regarding specific intent with respect to the aiding and abetting charge, and that the trial court should have instructed the jurors that they could find the existence of multiple conspiracies. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review the district court's denial of a habeas petition *de novo*. *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001). Under the AEDPA standard, Moss is only entitled to relief if he demonstrates that the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792–93, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001). Ninth Circuit precedent is persuasive authority in applying Supreme Court law and "determining whether a particular state court decision is an unreasonable application of Supreme Court law." *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001) (internal quotations omitted).

The district court did not err in finding that the state trial court's supplemental jury instructions were correct and that to the extent they may have been in error, such error was not objectively unreason-

able under AEDPA. Trial court judges have substantial discretion with respect to supplemental jury instructions. Under federal law, supplemental jury instructions and responses to jury inquiries do not rise to the level of a constitutional violation unless those erroneous instructions "so infect[ ] the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Beardslee v. Woodford*, 358 F.3d 560, 573–74 (9th Cir. 2004). Although a trial judge is obligated to clear up any confusion the jury may have, the judge has broad discretion in determining how to do so. *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir.2003). The judge must be cautious in balancing his interest in providing a clear response with his responsibility to avoid influencing the jury. *Id.*

■ Taken as a whole, the judge's responses in this case were constitutionally adequate. In *Leavitt v. Vasquez*, we held that "due process—independent of state law—does not require that an aiding and abetting charge contain a distinct instruction regarding specific intent." 875 F.2d 260, 261 (9th Cir.1989) (quoting *Willard v. California*, 812 F.2d 461, 463 (9th Cir. 1987)). Here, however, the initial instructions did include a specific intent instruction and the judge specifically referred the jury back to that instruction later in the proceedings. By referring the jury back to this instruction, the judge satisfied the constitutional requirement; his instructions were neither inaccurate nor misleading. We agree with the district court that even if there had been any error in the instructions, it was neither contrary to nor an unreasonable application of federal law under the stringent requirements of AEDPA.

■ Although Moss does not challenge his conspiracy charge, he argues that the

jury, absent misleading instructions, could have found the existence of two conspiracies, and thus he would not have been convicted of first degree murder with special circumstances because the murder took place after the conspiracy in which he did participate ended. *See People v. Morocco,* 191 Cal.App.3d 1449, 1453, 237 Cal. Rptr. 113 (1987) (noting that whether there is more than one conspiracy is a question of fact). *But see People v. McLead,* 225 Cal.App.3d 906, 921, 276 Cal. Rptr. 187 (1990) (disagreeing with *Morocco* and stating that the court is not required to instruct the jury that it may find the existence of a single conspiracy or multiple conspiracies). Further, he argues that special circumstances cannot attach to a conspiracy conviction. We reject Moss' argument and affirm the district court's decision as to his murder with special circumstances conviction because there was sufficient evidence to support the conviction on the aiding and abetting theory and the aiding and abetting instructions were not erroneous. The first degree murder conviction, based on Moss' aiding and abetting of the crime, is sufficient to support the special circumstances finding.

**AFFIRMED.**