**Kevin T. STRACK, Petitioner—Appellant,**

**v.**

**R.Q. HICKMAN, Respondent—Appellee.**

No. 04–15821.

D.C. No. CV–00–2398–WBS/KJM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2005.*

Decided Dec. 13, 2004.

Kevin T. Strack, Ione, CA, pro se.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert R. Anderson, Depty Atty Gen, Benjamin T. Rice, AGCA—Office of the California Attorney General (Sac) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Kevin T. Strack, a California state prisoner serving an indeterminate life sentence for murder, burglary, robbery, and vehicle theft committed in 1976, appeals pro se the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. He claims that the California Board of Prison Terms violated his right to due process because insufficient evidence supported its failure to find him suitable for parole at his eighth parole consideration hearing in October 1998. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), and affirm.

Respondent contends that there is no clearly established federal law, as determined by the Supreme Court, holding that there is a due process liberty interest in parole release. *See* 28 U.S.C. § 2254(d)(1) (habeas writ shall not be granted as to claim adjudicated on merits in state court unless adjudication resulted in decision that was contrary to, or involved an unreasonable interpretation of, clearly established federal law as determined by the Supreme Court). He correctly acknowledges, however, that this contention is

foreclosed by *McQuillion v. Duncan*, 306 F.3d 895, 903 (9th Cir.2002), and *Biggs v. Terhune*, 334 F.3d 910, 914–15 (9th Cir. 2003).

Respondent also contends that the Supreme Court has not held that "some evidence" must support a parole board's decision. *See Greenholtz v. v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (finding parole board's procedures constitutionally adequate if they afford the inmate an opportunity to be heard and a decision informing him why he did not qualify for parole). This contention also is foreclosed by *McQuillion*, 306 F.3d at 904, and *Biggs*, 334 F.3d at 915.

Strack contends that insufficient evidence supported the board's decision that he was not suitable for parole. "In the parole context, the requirements of due process are satisfied if 'some evidence' supports the decision." *Biggs*, 334 F.3d at 915; *see also Caswell v. Calderon*, 363 F.3d 832, 839 (9th Cir.2004). The parole board's reliance under California law on no factors other than the nature of a prisoner's offense and prior conduct satisfies this standard, but over time may raise serious questions involving his liberty interest in parole if he continually demonstrates exemplary behavior and evidence of rehabilitation. *Id.* at 916. Here, the parole board satisfied the requirements of due process because it relied on multiple factors, including Strack's conduct in prison. *See id.* at 915.

**AFFIRMED.**

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the