Argued and submitted May 6, affirmed June 3, petition for review denied October 1, 2020 (367 Or 115)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CAINEN A. GAIGE,
*Defendant-Appellant.*

## Wasco County Circuit Court
17CR83945; A169010

468 P3d 532

As allowed by his conditional guilty plea, defendant appeals a judgment of conviction for, among other crimes, second-degree assault with a firearm, ORS 163.175, a Measure 11 offense. Defendant was 16 at the time of his crimes, and he assigns error to the trial court's denial of his motion to transfer the case to juvenile court for the juvenile court to make a determination, following a hearing, whether defendant should be tried as an adult in circuit court. Defendant contends that, upon being taken into custody, the juvenile court obtained jurisdiction, which granted him a due process right to a hearing to determine whether he should be remanded to adult court. *Held*: The trial court did not err in denying defendant's motion to transfer his case to juvenile court. Where, as here, the state statutory scheme does not grant a juvenile court discretion to determine whether a youth should be remanded to a criminal trial court to be tried as an adult, the youth does not have a due process right to such a hearing.

Affirmed.

Janet L. Stauffer, Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

As allowed by his conditional guilty plea, defendant appeals a judgment of conviction for second-degree assault with a firearm, ORS 163.175; tampering with a witness, ORS 162.285; first-degree theft, ORS 164.055; and menacing, ORS 163.190. Defendant was 16 at the time of his crimes, and he assigns error to the trial court's denial of his motion to transfer the case to juvenile court for the juvenile court to make a determination, following a hearing, whether defendant should be tried as an adult in circuit court.[1] Reviewing for legal error the question of whether the circuit court was required to send the case to juvenile court for a hearing on whether defendant should be tried in circuit court, we affirm.

The facts are mainly procedural and not disputed. Defendant, who was 16 at the time, was at his house with some acquaintances, including J. At one point, J picked up defendant's sunglasses from his dresser to look at them. This made defendant mad, and he pointed a gun at J, jabbed him with it a few times, and then shot him in the neck. Then he told J to write a note saying that a different person shot him. J complied.

Defendant was arrested for that conduct on December 19, 2017. One day later, defendant was charged by information in the circuit court with two Measure 11 offenses—first-degree assault, ORS 163.185, and second-degree assault, ORS 163.175—and three other offenses—tampering with a witness, ORS 162.285; first-degree theft, ORS 164.055; and menacing, ORS 163.190.[2]

Defendant moved to dismiss the indictment, arguing that the juvenile court had jurisdiction because he was 16 years old and had been taken into custody before the charges were filed. *See* ORS 419C.094 (providing that juvenile court jurisdiction attaches when a youth is taken into custody). That meant, according to defendant, that, under

---

[1] Although defendant titled his motion as a motion to dismiss, the relief he sought was a return to juvenile court for a hearing on whether defendant should be tried in the circuit court.

[2] A grand jury later indicted defendant on the same charges and on some additional offenses.

the Due Process Clause of the Fourteenth Amendment to the United States Constitution, defendant could not be tried in circuit court unless the juvenile court determined, following a hearing, that he should be remanded to circuit court. For that reason, defendant contended that the case should be sent to juvenile court for a hearing on the issue.

The trial court denied the motion. In a letter opinion, it reasoned that where, as is the case with Measure 11 offenses, state statutes make trial of a juvenile in circuit court mandatory, due process does not require a juvenile court determination, following a hearing, as to whether a juvenile should be remanded to adult court. Defendant subsequently pleaded guilty to the charges noted above (except for the charge of first-degree assault, which was dismissed), reserving the right to appeal the denial of his motion to transfer the matter to juvenile court.

On appeal, defendant repeats the argument he made to the trial court. He contends that, because no charges were pending against him at the time he was first taken into custody, the juvenile court obtained jurisdiction and was required to hold a hearing to determine whether defendant should be remanded to adult court. This hearing, defendant asserts, was required by due process under *Kent v. United States*, 383 US 541, 86 S Ct 1045, 16 L Ed 2d 84 (1966), and *In re Gault*, 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967). The state responds that, where, as here, a state's statutory scheme makes it mandatory that a juvenile be tried in adult court and does not give a juvenile court discretion as to whether to remand a youth to adult court, the due process concerns identified in *Kent* and *Gault* are not implicated. In essence, the state contends that, where statutes mandate that a youth be tried in adult court, the youth does not have a liberty interest in being tried in juvenile court.

We agree with the state.

ORS 137.707 (2015), *amended by* Or Laws 2019, ch 634, § 5,[3] in effect when defendant committed his crimes,

---

[3] In 2019, the legislature substantially amended ORS 137.707 and related statutes governing the treatment of juvenile offenders. Or Laws 2019, ch 634, § 5. All references to ORS 137.707 and ORS 137.705 are to the 2015 versions of those statutes, which were in effect at the time of defendant's crimes.

mandated that all persons aged 15, 16, or 17 charged with first- or second-degree assault, as defendant was, "shall be prosecuted as an adult in criminal court." ORS 137.707(1)(a). Underscoring that mandate, ORS 137.707(1)(b) affirmatively prohibited the filing of a petition in juvenile court seeking to address those offenses through the juvenile court's jurisdiction. ORS 137.707(1)(b). And, even if the juvenile court's jurisdiction had been invoked—wrongly or rightly—under ORS 137.705, the filing of an accusatory instrument in criminal court charging a 15, 16, or 17 year old with a Measure 11 offense, including first- and second-degree assault, divested the juvenile court of jurisdiction by operation of law: "The filing of an accusatory instrument in a criminal court under ORS 137.707 divests the juvenile court of jurisdiction in the matter if juvenile court jurisdiction is based on the conduct alleged in the accusatory instrument or any conduct arising out of the same act or transaction." ORS 137.705(2)(c).

These plainly worded dictates provide no room for the conclusion that Oregon's statutory scheme left any role for the juvenile court in determining whether a 15, 16, or 17 year old charged with an offense identified in ORS 137.707 should be tried in adult court or adjudicated in juvenile court. We have recognized as much already. *State v. Link*, 297 Or App 126, 142-43, 441 P3d 664, *rev allowed*, 365 Or 556 (2019) (explaining how adoption of Measure 11 extinguished the role of the juvenile court in determining whether certain-aged youths charged with certain offenses would be tried in adult court or adjudicated in juvenile court).

To the extent that defendant argues that the Supreme Court's decisions in *Kent* and *Gault* require that the juvenile court be granted a role nonetheless, defendant places too much weight on those decisions. As the Ninth Circuit has explained—correctly, in our view—those decisions stand for the proposition that due process requires the sort of hearing for which a defendant argues only when a state's statutory scheme grants a juvenile court *discretion* to determine whether a youth should be remanded to adult court or, instead, remain in juvenile court:

> "[*Kent* and *Gault*] hold that a state court must follow constitutionally adequate procedures in making factual and

legal determinations when those determinations result in statutorily specified adverse consequences for a juvenile. The statutory schemes in both cases gave the task of making such determinations to juvenile courts. The Court's holdings are limited to the proposition that when a juvenile court has such authority it must be exercised in a manner consistent with due process."

*Alvarado v. Hill*, 252 F3d 1066, 1069 (9th Cir 2001). As we have explained, ORS 137.707 left the juvenile court with no discretionary power over the determination whether defendant should be tried in adult court or adjudicated in juvenile court. Because the juvenile court had no such authority under Oregon's statutes, due process did not require defendant be granted a hearing at which the court could exercise that nonexistent authority. The trial court correctly denied defendant's motion.

Affirmed.